**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DUMITRU ALEXANDRU BELEA and SEMIDA ELENA VARVAS,<br><br>Petitioners,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 10-71512<br><br>Agency Nos. A099-577-668, A099-577-669<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 9, 2012
Seattle, Washington

Before: REINHARDT, KLEINFELD, and M. SMITH, Circuit Judges.

Petitioners Dumitru Belea and Semida Varvas, husband and wife, and

natives and citizens of Romania, petition for review of the Board of Immigration

Appeals' (BIA) final order denying their applications for asylum, withholding of

removal, and relief under the Convention Against Torture (CAT). Because the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

parties are familiar with the factual and procedural history of this case, we repeat only those facts necessary to resolve the issues raised on appeal. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition for review.

As a preliminary matter, Petitioners raise two procedural challenges to the BIA decision. First, Petitioners contend that the immigration judge (IJ) did not make a finding as to their claim of well-founded fear of future persecution, and that the BIA therefore erred in adopting a "nonexistent" finding. A review of the IJ decision, however, clearly shows that, although the IJ never used the exact words "well-founded fear of future persecution," he did consider and make a finding on the asylum claim. Second, Petitioners argue that the IJ did not make a determination as to their withholding of removal claim, and that the BIA engaged in improper factfinding on appeal when it denied that claim, in violation of 8 C.F.R. § 1003.1. Although the IJ did not explicitly refer to Petitioners' withholding of removal claim in his decision, he denied "the application for the other forms of relief" which necessarily included the withholding claim. Moreover, the BIA did not engage in factfinding on appeal; instead, it held that because Petitioners failed to satisfy the standard for asylum, they necessarily failed to satisfy the more demanding standard for withholding of removal. This is a legal

2

determination, not a finding of fact. Accordingly, we reject Petitioners' procedural challenges to the BIA decision.

Even if we assume, without deciding, that the asylum applications were timely, the BIA's conclusion that Petitioners have failed to establish that they face a "well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion" is supported by substantial evidence. 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1). An asylum applicant bears the burden of proof to show that: (1) the treatment rises to the level of persecution; (2) the persecution was on account of one or more protected grounds; and (3) the persecution was committed by the government, or by forces that the government was unable or unwilling to control. *Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010). Petitioners concede that they have not faced past persecution, but contend that they have a well-founded fear of future persecution based on their participation in a police investigation that resulted in the criminal prosecution of Constantin Durbalau.

Petitioners' asylum claims fail for at least two reasons. First, Petitioners have not put forth any "credible, direct, and specific evidence" that would support a "reasonable fear of persecution" with regards to Durbalau. *See Ladha v. INS*, 215 F.3d 889, 897 (9th Cir. 2000), *overruled on other grounds by Abebe v.*

3

*Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc) (per curiam).  Constantin Durbalau pled guilty to his charged offense.  Petitioners have not put forth any specific evidence that Durbalau know their identity as informants or would target them for persecution because of their actions.  Second, Petitioners have not shown that any potential persecution would be committed by the government or by forces that the government would be unwilling or unable to control.  *See Avetova-Elisseva v. INS*, 213 F.3d 1192, 1196 (9th Cir. 2000).  Petitioners' speculative theory that the government sanctioned Durbalau's visa business simply because of how smooth the process was for them is insufficient to meet their burden of proof. Petitioners additionally fail to put forth any specific evidence that the government would be unable to control persecution by Durbalau, or by any similar visa rings.

Because Petitioners fail to meet the lower burden of proof for asylum, their withholding of removal claims necessarily fail.  *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, substantial evidence supports the BIA's denial of CAT relief because Petitioners failed to establish it is more likely than not that they would be tortured by or with the acquiescence of the government if returned to Romania. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION DENIED.**

4